# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RHONDA WILKINSON,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>Defendant. | 2:05-CV-1083 JCM (RJJ) |

### ORDER

Presently before the court is plaintiff Rhonda Wilkinson's motion to disqualify Judge James C. Mahan. (Doc. #90). Plaintiff filed this motion for recusal pursuant to 28 U.S.C. § 455(a), on grounds that Judge Mahan has improperly ruled against her (doc. #64) with regard to defendant's motion for summary judgment (doc. #44), and that Judge Mahan has previously ruled for defendant Clark County School District in decisions unrelated to this case. Defendant responded (doc. #91), and plaintiff replied (doc. #92).

Under section 455, the presiding judge determines whether recusal is warranted. *United States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978). Section 455(a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

However, section 455 recusal is not unlimited – the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540. Judicial bias or prejudice formed during current

**James C. Mahan**
**U.S. District Judge**

1  or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated
2  favoritism or antagonism that would make fair judgment impossible." *Id.* at 541; *Pesnell*, 543 F.3d
3  at 1044. Thus, judicial rulings will support a motion for recusal only "in the rarest of
4  circumstances." *Liteky*, 510 U.S. at 555.

5  Here, plaintiff lacks a reasonable, factual basis for questioning Judge Mahan's impartiality.
6  Plaintiff cites the Ninth Circuit's reversal (doc. #84) of this court's granting of summary judgment
7  (doc. #64) as to plaintiff's Title VII retaliation claim as evidence of bias under section 455(a).
8  However, this ruling, formed while Judge Mahan presided over the matter, will not support
9  disqualification. *Liteky*, 510 U.S. at 555. Plaintiff cites no extra-judicial facts indicating a "deep-
10 seated favoritism or antagonism," *id.* at 541, and plaintiff's cursory citation to other decisions
11 involving defendant Clark County School district fails to demonstrate bias. Accordingly, recusal
12 under 28 U.S.C. § 455(a) is not necessary in this case.

13 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's motion to
14 disqualify Judge James C. Mahan (doc. #90) be, and the same hereby is, DENIED.

15 DATED September 14, 2010.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -