1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   | RHONDA WILKINSON,                              2:05-CV-1083 JCM (RJJ)

9   |              Plaintiff,

10  | v.

11  | CLARK COUNTY SCHOOL DISTRICT,

12  |              Defendant.

13

14

15

**<u>ORDER</u>**

16      Presently before the court is defendant Clark County School District's motion to strike jury

17  demand. (Doc. #96). The plaintiff has responded (doc. #101), and the defendant has replied (doc.

18  #102).

19      Plaintiff Rhonda Wilkinson filed the instant suit in state court on August 17, 2005. (Doc. #1,

20  ex. 1). Her complaint contained no jury demand. The defendant then removed the case to this court

21  on September 6, 2005, (doc. #1) and filed its answer on September 8, 2005. (Doc. #5). On March

22  9, 2007, this court granted summary judgment in favor of the defendant (doc. #64), and the plaintiff

23  subsequently appealed (doc. #73). The Ninth Circuit reversed as to plaintiff's retaliation claim (doc.

24  #84). On December 6, 2005, plaintiff filed a demand for trial by jury. (Doc. #95).

25      On any issue triable of right by a jury, a party may demand a jury trial by serving the other

26  parties with a written demand no later than 10 days after the last pleading directed to the issue is

27

28

**James C. Mahan**
**U.S. District Judge**

served. FED. R. CIV. P. 38(b)(1) (2005).[1] The Federal Rules of Civil Procedure also state that the court, in its discretion, may order a jury trial on any issue for which the jury may have been demanded. *See Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (citing FED. R. CIV. P. 39(b)). "That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Id.* These rules apply equally to *pro se* litigants. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) (holding that a *pro se* litigant's good faith mistake as to the deadline for making jury demand established inadvertence, which is insufficient to grant relief); *see also Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir. 2001) (holding that *pro se* plaintiff waived the right to trial by jury by failing to file a timely demand under Rule 38(b)).

In the instant case, plaintiff filed a demand for jury trial over five years past the Rule 38 deadline and almost a year after the Ninth Circuit remanded the case on the retaliation claim. The plaintiff has presented no reason for excusing her failure, other than inadvertence, and the court sees no viable basis for making an exception as the case has already proceeded through discovery, summary judgment and appeal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to strike jury demand (doc. #96) is GRANTED.

DATED March 21, 2011.

**UNITED STATES DISTRICT JUDGE**

---

[1] The defendant's answer was filed September 8, 2005. (Doc. #5). Thus, although the rule was amended in 2009 to increase the filing period from ten to fourteen days, the 2005 version of the rule applies, and plaintiff's jury demand was due on September 22, 2005.